ANTONIO REYES DELGADO, Petitioner and Appellee, *v.* MUNICIPAL COURT OF MANATÍ, Respondent and Appellant.

No. 5222. Argued December 2, 1930.—Decided March 9, 1931.

R. A. *Gómez* for appellant. *Puro Giraud* and *A. Reyes Delgado* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

At the trial of Domingo Ramón González, who was prosecuted before the Municipal Court of Manatí for a violation of the Motor Vehicles Act and was represented by attorney Antonio Reyes Delgado, one of the witnesses testified that shortly before the occurrence of the accident which gave rise to the prosecution, he had seen a car passing driven by a chauffeur in a state of intoxication, with disheveled hair and his cap pulled down over his forehead. Upon being questioned whether he could positively state that the defendant was the same person he had seen, the witness said that he could tell if the defendant was made to appear in the conditions in which he saw the chauffeur referred to by him.

Thereupon Judge Acosta Ramis directed the defendant to dishevel his hair, throw it over his face and pull down his cap over his forehead. Counsel for the defendant objected and advised his client not to do as he was told by the judge; the latter repeated his order, the attorney gave the same advice and the defendant again refused to comply with the order. The judge then adjudged the attorney and the defendant guilty of contempt of court. The order entered to that effect reads as follows:

"ORDER OF THE COURT.—WHEREAS, at the trial on this day of the case The People of Puerto Rico v. Domingo Ramón González for a violation of the Motor Vehicles Act of Puerto Rico, the said defendant appeared personally and assisted by his counsel Antonio Reyes Delgado.

"WHEREAS, during the trial the witness for the prosecution, Arturo Rivera, testified that he saw the defendant in the afternoon of the day when the alleged violation of the automobile law took place and which resulted in injuries to Pascual Bruno and to the child Justo Armando Bruno, and likewise identified the defendant as the person who was driving the alleged car when the facts occurred.

"WHEREAS, after The People had introduced its evidence, the attorney for the defendant made an oral motion for a nonsuit on the ground that the defendant had not been sufficiently identified and, upon a denial by the court of the motion, he again insisted upon said motion and requested that Arturo Rivera take the stand, and the court having granted the request, he put several questions to the witness as to the identity of the defendant and tried to confuse him by confronting him with the original testimony of the defendant.

"WHEREAS, the witness, Arturo Rivera, first testified that when the accident giving rise to this complaint occurred he saw the defendant González with his cap on and his hair in disorder covering his forehead, and apparently intoxicated.

"WHEREAS, the court, for a better determination of the facts, ordered the defendant to put on his cap in the manner Arturo Rivera stated that he had seen him that afternoon, in order to render more specific the testimony given regarding the identity of the defendant.

"WHEREAS, attorney Antonio Reyes Delgado, acting in his capacity as counsel for the defendant, ordered the latter not to comply with the order of the court.

"WHEREAS, the court reiterated its order that the defendant put his cap on so as to be identified and attorney Reyes Delgado again ordered and advised the accused not to comply with the order of the court.

"WHEREAS, it is absolutely necessary for the purposes of a perfect, honest and dignified administration of justice that orders from the judge given in open court be duly obeyed by defendants and witnesses as well as by counsel and other officials who appear before the court.

"WHEREAS, the attitude of open disobedience on the part of attorney Reyes Delgado is detrimental to the prestige and respect due to the courts especially from the attorneys, who are considered as officers of the court, and whose duty it is to set a good example to the public.

"WHEREAS, section 61 of the Code of Criminal Procedure establishes the procedure to be followed and the punishment to be imposed in case of contempt of court.

"THEREFORE, in view of section 61 of the Code of Criminal Procedure and the facts which took place this morning before this court, it is the opinion of the court that the attitude assumed by attorney Antonio Reyes Delgado, as counsel for Domingo Ramos González, in ordering his client not to obey the command of this court to put on his cap when so directed by the court, constitutes the crime of direct contempt of court as defined by section 61 of the Code of Criminal Procedure above cited, and consequently adjudges him guilty of the offense of direct contempt of court and sentences him to pay a fine of two dollars and fifty cents and in default of payment thereof to be confined in jail one day for each dollar left unpaid."

The District Court of Arecibo, in a habeas corpus proceeding, made an order discharging attorney Reyes Delgado on the ground of the nullity of the warrant for his arrest. Attorney Reyes Delgado filed in the same district court a petition for certiorari in which he set forth the above facts and further stated that as the habeas corpus proceeding had not been decided on the merits, that is, as regards the order in contempt, the latter stands as an executory order and the petitioner may be arrested again, such order continuing as a lien on the property of the petitioner. He urged that the order is illegal and void and should be set aside, and that he had no other remedy at law.

The district court ordered the issuance of the writ, heard the case and rendered a judgment sustaining the petition and holding that the order of the Municipal Court adjudging Antonio Reyes Delgado guilty of contempt was illegal and void. The respondent Tomás Acosta Ramis, Municipal Judge of Manatí, thereupon appealed from the judgment.

He has been represented in the appeal before this court by the *Fiscal*.

The main question in the present case is whether a court has the right to compel a defendant in a criminal case, to give evidence against himself. This point has been most fittingly treated in the opinion of Judge Samalea of the District Court of Arecibo.

The rule that no person shall be compelled to be a witness against himself is almost universal. In the Constitution of the United States it is consecrated as one of the staunchest safeguards of the liberty and personal safety of the citizen.

Of course, the principle has undergone a process of clarification and almost constant study on the part of jurists. The variety of its modalities and limitations has been a preoccupation for students and expounders of the law and the subject of frequent adjudications. The district judge cites the cases of *Counselman* v. *Hitchcock*, 142 U. S. 547; *Emery's Case*, 107 Mass. 172; *Gallaher* v. *State*, 12 S. W. 1087–1095; *Turnman* v. *State*, 95 S. W. 533; *Ex parte Miskimins*, 49 L.R.A. 831; and the decisions of this court in *Ex parte Le Hardy*, 17 P.R.R. 985; *Núñez* v. *Soto Nussa, Dist. Judge*, 14 P.R.R. 190, and *Coll* v. *Leake, Dist. Judge*, 17 P.R.R. 823.

The *Fiscal* of this court cites a great number of cases including those of *People* v. *Carey*, 125 Mich. 535; *State* v. *Graham*, 74 N. C. 648; *U. S.* v. *Cross*, 20 D. C. 365; *State* v. *Ah Chuey*, 33 Am. Rep. 530; *Holt* v. *United States*, 218 U. S. 245; *State* v. *Neville*, 95 S. E. 55, and others, and the opinion of the commentator Wigmore. Some of them (*Emery's Case* and *Counselman* v. *Hitchcock, supra*) are cited by the ap-

pellee, who also cites *Cooper* v. *Alabama,* 4 L.R.A. 766; *Ex parte Miskimins, supra,* and likewise the said text-writer Wigmore.

No application lies in the present prosecution of any of the cases where the defendant consented, without objection, to perform the act of identification required of him; because his consent implies a waiver of his privilege. Nor can application be made either of the cases where the defendant was merely ordered to stand up, which is a usual and natural position.

No defendant can be required to perform an act which must necessarily amount to a clear sign or indication of his participation in the commission of an offense, because that would still be more risky than to require him to testify against himself, since if he testified he would at least have a chance to defend himself and explain his statements.

From the jurisprudence cited by the parties we infer:

First, that the right not to testify against oneself may be waived, and that a defendant who consents to testify or to perform acts amounting to an admission or confession can not then invoke the renounced right.

Second, that there are acts which, being of a daily and current occurrence and not necessarily involving an admission or confession, a defendant may be directed to execute, although we doubt whether failure to comply with such direction would in every case constitute contempt.

Third, that the advice of an attorney to his client not to comply with an order made in violation of the rights guaranteed by the Constitution is not a contempt of court.

In *People* v. *Miranda,* 39 P.R.R. 246, the trial judge in a prosecution for assault and battery said that he could see that the defendant was a man of more than thirty years; he did not require the defendant to rise or to take the stand. This court cited, among other cases, those of *People* v. *Ortiz,* 29 P.R.R. 467, and *People* v. *Hernández,* 34 P.R.R. 313, and

it was held that the court had no right to convict on mere inspection. A mere perusal of the opinion would suffice to notice the difference between that case and the case at bar.

. A reading of the order of the Municipal Court of Manatí is enough to reach the conclusion that the same is illegal and violates rights which are guaranteed by the Federal Constitution and by our Organic Act. The defendant was not bound to obey the order nor was there any reason why his attorney should have advised him to do so.

The order does not appear to have been quashed, nor the assertion made that the same is still in force has been disputed. The judgment quashing the same was necessary and it being in accordance with the Organic Law and the jurisprudence it must be affirmed.